**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO. A-00-CR-136 JRN** |
| | § | |
| **SEDRICK DEMON MCCARTHER** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE JAMES R. NOWLIN
      SENIOR UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on October 24, 2011, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On January 4, 2001, the Defendant was sentenced to 110 months of imprisonment, followed by five years of supervised release, for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841, and 60 months of imprisonment and five years of supervised release for possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The sentence on Count Two was ordered to run consecutively to the sentence on Count One, for a total sentence of 170 months. On November 12, 2004, the Defendant's sentence was reduced to 140 months of imprisonment. The Defendant commenced supervision on February 25, 2011.

The Defendant's progress on supervision was unremarkable until August 27, 2011, when the Defendant was arrested for possession of a controlled substance as part of a "buy/bust" operation by the Austin Police Department. At the time of the arrest, the Defendant is alleged to have possessed 2.5 grams of crack cocaine (located in his "butt cheeks" according to the arrest affidavit). In addition, the Defendant submitted a urine specimen on September 27, 2011 that tested positive for cocaine. Although the Defendant denied any use, the positive result was confirmed by Alere Lab on October 12, 2011. On this same date, the Probation Office submitted its petition alleging that the Defendant had violated his supervised release by committing a new crime and illegally possessing crack cocaine, and by testing positive for the use of cocaine.

On June 24, 2011, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the allegation that he had used cocaine. He pled "NOT TRUE" to the new law violation, and because that matter is still pending before the state courts, the Government moved to dismiss that allegation without prejudice, and the Court granted that motion.

## II.  FINDINGS OF THE COURT

1.      The Defendant was competent to make the decision to plead true to the complaint.

2.      The Defendant had both a factual and rational understanding of the proceedings against him.

3.      The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4.      The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5.      The Defendant was sane and mentally competent to stand trial for these proceedings.

6.      The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7.      The Defendant received a copy of the Petition naming him, and he read it.

8.      The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9.      The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10.      The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11.      The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12.      The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13.      The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14.      The Defendant violated conditions of his supervised release by using a controlled substance.

## III.  <u>RECOMMENDATION</u>

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant.  While the Court is concerned by the Defendant's arrest and alleged

possession of crack cocaine, that matter is still pending before the state court and has not been adjudicated. Accordingly, it would be premature to take action regarding the Defendant's supervised release as to that matter at this time. With regard to the cocaine use the Defendant admits, the Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. That violation is a Grade C, and the Defendant's criminal history category is VI, resulting in an (advisory) guideline range of 8 to 14 months of imprisonment. The Court notes that the Defendant had not failed to report as directed, and that he attended all of his drug treatment sessions over the past 8 months. Immediately before his arrest on this petition, the Defendant had also sought assistance with mental health issues, and the day before his arrest had received a prescription for anti-anxiety medication, which he has yet to fill. Considering all of this, the Court RECOMMENDS that the Defendant's supervised release be CONTINUED, but the Defendant's conditions be MODIFIED to require 90 days of home detention and to address his mental health issues.

IT IS THEREFORE RECOMMENDED that the the Defendant's supervision should be CONTINUED, and that the terms of the Defendant's supervised release be modified as follows:

1.     The Defendant shall participate in the Home Confinement program for a period of 90 days. During this time, the Defendant shall remain at his place of residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the Probation Officer, and shall submit to location monitoring and follow the location monitoring procedures specified by the Probation Officer. The Defendant shall maintain a telephone at his place of residence without call forwarding, a modem, caller ID, call waiting, or portable cordless telephones for the above period. The Court further orders that the Defendant shall pay for the costs of Home Confinement, based on his ability to pay, as directed by the Probation Officer.

2.     The Defendant shall take any and all prescribed medications as directed by his treatment provider. The Defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the

probation officer, the defendant shall participate in a mental health program approved by the probation officer. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it. The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 24th day of October, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE